**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

TONY LUCIBELLO,

      Plaintiff,

vs.                                             Case No. 2:07-cv-217-FtM-34SPC

MICHAEL E. MCGINLEY, et al.,

      Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendants, Michael E. McGinley and Sun View Business Center's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement and Motion to Strike Prayer for Attorneys Fees with Incorporated Memorandum of Law (Doc. No. 14; Motion to Dismiss), filed on July 2, 2007. Defendants move pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure (Rule(s)), to dismiss Plaintiff's Amended Complaint (Doc. No. 11; Amended Complaint), for lack of subject matter jurisdiction based upon Plaintiff's lack of standing to bring the instant lawsuit. Motion to Dismiss at 4. In the alternative, Defendants request that the Court direct Plaintiff to provide a more definite statement of his claims. Id. at 5. Lastly, Defendants seek an Order striking Plaintiff's request for attorney's fees. Id. at 7. On July 6, 2007, Plaintiff filed a response in opposition to the Motion to Dismiss. See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss1 [sic] (Doc. No. 16; Opposition). Accordingly, the matter is ripe for review.

### I. Background Facts[1]

Plaintiff Tony Lucibello has been diagnosed with Multiple Sclerosis and "uses a wheelchair for mobility purposes." Amended Complaint ¶3. Plaintiff represents that he is "disabled" as that term is defined by the ADA and that he "is substantially limited in performing major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching." Id. On an unspecified date "prior to instituting this action,"[2] Plaintiff visited Majestic Coffee Company (Majestic Coffee) and the Sun View Business Center (collectively the "Facility"), "located at and around 1850 Boy Scout Drive, Fort Meyers [sic], Florida." Id. Aside from his personal desire to have access to places of public accommodation without illegal barriers, "Plaintiff also acts as a 'tester,' for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations." Id. ¶4. Plaintiff explains,

> [w]hen acting as a "tester," Plaintiff employs a routine practice. He personally visits public accommodation; he engages all of the barriers to access, or at least all of those that he is able to access; and he tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; he proceeds with legal action to enjoin such discrimination; and he subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

Id. During the visit giving rise to the instant lawsuit, Plaintiff encountered the following barriers, which impeded his access to the Facility:

i. There are an insufficient number of accessible parking spaces;
ii. There are no accessible routes to the entrance of the [F]acility;

---

[1] The facts summarized are drawn from the allegations contained in Plaintiff's Amended Complaint.

[2] A review of the Amended Complaint does not disclose the date or time of Plaintiff's alleged visit.

    iii.    There are no access aisles provided;
    iv.    There are ramps that protrude into the parking spaces;
    v.    There are ramps with flared sides, that are too steep and lack proper edge protection;
    vi.    There is improper signage at the accessible parking spaces;
    . . .
    vii.    The urinal is too high;
    viii.    There is no accessible toilet stall provided;
    ix.    There is no accessible lavatory provided;
    x.    The [restroom] mirror is too high;
    xi.    The toilet room door lacks proper width;
    xii.    There is no accessible [restroom] signage provided.

Id. ¶5, ¶19, ¶36. As such, Plaintiff maintains that he "has attempted to gain access to the Facility, but because of his disability has been denied access to" the Facility and the "benefits of services, programs and activities of the Facility." Id. ¶21. Plaintiff alleges that he "continues to desire and intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this Facility." Id. ¶17. Further, "[i]ndependent of his other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises." Id. ¶4. As a result of the impediments to his ability to access the Facility, Plaintiff asserts that he has experienced a "continued and ongoing denial of access due to his disability," and "will continue to suffer such harm and injury." Id. ¶5.

On April 9, 2007, Plaintiff filed the Complaint in this action against Michael McGinley, see Complaint (Doc. No. 1; Complaint), which he later amended to include the Sun View

Business Center as an additional defendant, see Amended Complaint.[3] In the Amended Complaint, Plaintiff alleges violations of Title III of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12101 et seq., see Amended Complaint ¶35, and seeks injunctive and declaratory relief, in addition to attorney's fees and litigation expenses,[4] see id. at 8-9, 14.

## II. Standard of Review

In ruling on a motion to dismiss, the Court "must accept the allegations set forth in the complaint as true." Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erikson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). Further, the plaintiff

---

[3] On May 15, 2007, at the direction of the Honorable Sheri Polster Chappell, United States Magistrate Judge, see Order (Doc. No. 9), the Clerk of the Court entered a default against Mr. McGinley, see Order (Doc. No. 9), and on June 7, 2007, Plaintiff filed the Amended Complaint.

[4] Specifically, Plaintiff requests relief as follows:

> Plaintiff respectfully requests that the Court declare that the Facility is violative of the ADA[,] issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorneys' fees, expert fees, costs and litigation expenses incurred in this action.

See Amended Complaint at 8-9, 14.

must allege "enough facts to state a claim that is plausible on its face," Bell Atlantic, 127 S. Ct. at 1974. The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted).

### III. Discussion

In the Motion to Dismiss, Defendants argue that dismissal of the instant action is appropriate because Plaintiff has not established that he has standing to seek injunctive relief, and thus, the Court does not have subject matter jurisdiction over this action. See Motion to Dismiss at 3. Alternatively, Defendants move the Court to require a more definite statement and request that the Court strike Plaintiff's request for attorney's fees because Plaintiff failed to notify Defendants of potential ADA compliance issues prior to commencing this lawsuit. See id. at 5, 7. Plaintiff, on the other hand, argues that his allegations in the Amended Complaint are sufficient to confer standing to bring the instant lawsuit seeking injunctive relief. See Opposition at 2-3. With regard to his request for attorney's fees, Plaintiff asserts that the plain language of the ADA does not require pre-suit notification. See id. at 9.

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

In the Motion to Dismiss, Defendants assert that Plaintiff has not established that he has "suffered any real injury in fact, much less any injury that she [sic] can truly personally

-5-

appreciate, or one that is concrete, particularized, actual or imminent that may be redressed by this Court." Motion to Dismiss at 5.  Accordingly, Defendants argue that the Court lacks subject matter jurisdiction over this action.  See id. at 5.  In support of their contention that Plaintiff lacks standing to pursue his claim against them, Defendants liken Plaintiff's intent to revisit the Facility to "a 'some-day and speculative allegation' that is insufficient to establish injury in fact." Id. at 4.  Defendants further contend that Plaintiff's intent to revisit the Facility as a "tester," in order to verify its compliance with the ADA, "d[oes] little to support his allegation that he is truly threatened by an immediate future injury." See id. (internal quotation omitted).  Plaintiff, on the other hand, asserts that he has standing, both as a patron and as a "tester," to seek injunctive relief pursuant to Title III of the ADA.  See Opposition at 8.  Specifically, Plaintiff points the Court to the allegation in the Amended Complaint of a "specific intent to re-visit the Defendants' premises not only for personal reasons, but also as a 'tester,' to verify Defendants' non-compliance with and violations of the ADA, and the extent thereof." See id. at 6-7.

Title III of the ADA, 42 U.S.C. §12181 et seq., prohibits discrimination based on disability in places of "public accommodation," 42 U.S.C. §12182(a), and requires covered entities to make "reasonable modifications in policies, practices, or procedures" to accommodate disabled individuals, §12182(b)(2)(A)(ii), §12184(b)(2)(A), as well as to remove "architectural barriers, and communication barriers that are structural in nature" where the removal of such is "readily achievable," §12182(b)(2)(A)(iv), §12184(b)(2)(C).  Damages are not available in private suits brought pursuant to Title III of the ADA.  See 42

U.S.C. §12188(a)(2), §12188(b)(2)(B).  Instead, remedies in such lawsuits are limited to injunctive relief and attorney's fees and costs.  See 42 U.S.C. §12188(a)(2).

The Court turns first to Defendants' assertion that Plaintiff has not properly alleged facts to establish his standing to sue for the violations of Title III of the ADA set forth in the Amended Complaint.  Standing is a jurisdictional requirement, and the party invoking federal jurisdiction has the burden of establishing it.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). In order to satisfy the standing requirements of Article III, a plaintiff must demonstrate that he has "alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf."  Watts v. Boyd Properties, 758 F.2d 1482, 1484 (11th Cir. 1985) (quoting Warth v. Seldin, 422 U.S. 490, 499-500 (1975)) (emphasis original).  In particular, a plaintiff must allege, and ultimately prove, three elements to establish standing under Article III:  "First, he must show that he has suffered an injury-in-fact.  Second, the plaintiff must demonstrate a causal connection between the asserted injury-in-fact and the challenged action of the defendant.  Third, the plaintiff must show that the injury will be redressed by a favorable decision."  Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) (quoting Lujan, 504 U.S. at 560-61) (internal citations and quotations omitted).  "These requirements are the 'irreducible minimum' required by the Constitution for a plaintiff to proceed in federal court."  Shotz, 256 F.3d at 1081 (quoting Northeastern Fla. Chapter, Associated Gen. Contractors of America v. City of Jacksonville, 508 U.S. 656, 664 (1993)) (internal quotations omitted).

Where a party seeks injunctive relief, a party establishes standing 'only if the party alleges . . . a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury.'" Shotz, 256 F.3d at 1081 (quoting Wooden v. Bd. of Regents of the Univ. Sys., 247 F.3d 1262, 1284 (11th Cir. 2001) (emphasis original). This is because injunctions regulate future conduct. Shotz, 256 F.3d at 1081. Indeed, as recognized by the United States Supreme Court, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." Lujan, 504 U.S. at 561 (quoting Lyons, 504 U.S. at 564). As Plaintiff has asserted a claim for injunctive and declaratory relief under Title III of the ADA, he must allege injury-in-fact and facts giving rise to an inference that he will suffer future discrimination. See Shotz, 256 F.3d at 1081. At a minimum, this requires that Plaintiff be likely to return to the Facility in order to maintain the instant suit against Defendants. See Lujan, 504 U.S. at 564 (holding that a plaintiff's intent to return to the place of injury 'some day' was insufficient to confer standing).

In ruling on a motion to dismiss, the Court "evaluate[s] standing based on the facts alleged in the complaint," and will not "speculate concerning the existence of standing or 'piece together support for the plaintiff.'" See Shotz, 256 F.3d at 1081 (quoting Cone Corp. v. Fla. Dep't of Transp., 921 F.2d 1190, 1210 (11th Cir. 1991)). Nevertheless, the Court accepts Plaintiff's allegations as true. See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Indeed, "at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [courts] 'presume that general

allegations embrace those specific facts that are necessary to support the claim.'" See Shotz, 256 F.3d at 1081 (11th Cir. 2001) (quoting Lujan, 497 U.S. at 889).

In the Amended Complaint, Plaintiff asserts that he "attempted to and has, to the extent possible, accessed the Facility, but could not fully, safely or equally do so because of his disabilities due to the physical barriers to access . . . ." Amended Complaint ¶16. In support of this allegation, Plaintiff identifies twelve specific physical barriers he allegedly encountered at the Facility. See id. ¶19, ¶36. In addition, Plaintiff represents that he "continues to desire and intends to visit the Facility again in the near future," but he is unable to do so as a result of his disability. See id. ¶17. Plaintiff maintains that "[i]ndependent of his other subsequent visits, [he] also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises." Id. ¶4. As Plaintiff has asserted a continuing desire to access the Facility and an inability to do so as a result of Defendants' alleged failure to comply with their obligations of public accommodation, the Court finds that Plaintiff, as an individual, has sufficiently alleged facts supporting his claim of standing to pursue this action under Title III of the ADA.

Defendants further assert that, as a "tester," Plaintiff's intent to revisit the Facility in order to ascertain its compliance with the ADA does not establish that "he is truly threatened by an immediate future injury." See Motion to Dismiss at 4. Although the Eleventh Circuit Court of Appeals has not addressed the issue of "tester" standing under the ADA, it has recognized the standing of a "tester" to pursue a lawsuit under the Fair Housing Act of 1968, 42 U.S.C. §3601, et seq., as well as under 42 U.S.C. §1982. See Watts, 758 F.2d at 1485

(noting that "even if a tester is motivated solely by the desire to challenge the legality of allegedly discriminatory practices, this is a sufficient purpose to confer standing" under 42 U.S.C. §1982); see also Havens Realty Corp. v. Coleman, 455 U.S. 363, 373-74 (1982) (holding that both testers and non-profit organizations have standing to bring claims under 42 U.S.C. §3604(d)).[5]

The Court disagrees with Defendants' contention that the instant case is similar to Access for the Disabled, Inc. v. Rosof, 2005 WL 3556046 (M.D. Fla. Dec. 28 2005). See Motion to Dismiss at 4-5. Defendants assert that Mr. Lucibello, like the plaintiff in Rosof, lacks standing as a "tester" to pursue this lawsuit because his stated intent to revisit the Facility is a "'some-day and speculative allegation,' insufficient to establish injury in fact." See id. However, in Rosof, the court emphasized that the plaintiff "d[id] not allege that he intend[ed] to visit the store as a potential customer or even that he lives in the area." Rosof, 2005 WL 3556046, at *2. The court noted that while the plaintiff "alleged [that] he intends to visit the facility annually and 'in the near future,' these allegations alone [were] insufficient to establish injury in fact." See id. Without more, the plaintiff's "admission that he visited the facility as a 'tester' and intends to visit the facility to 'verify its compliance or non-compliance with the ADA' [did] little to support his allegation that he is truly threatened by an immediate future injury." See id. In contrast, Mr. Lucibello alleges a specific intent to revisit the Facility *both* to patronize the establishment and avail himself of its services, and to verify its compliance with the ADA. Amended Complaint ¶¶4-5. The Court finds that Mr.

---

[5] Notably, the Tenth Circuit has extended standing to "testers" in Title II ADA cases. See Tandy v. City of Wichita, 380 F.3d 1277, 1285-87 (10th Cir. 2004).

Lucibello's ongoing desire to patronize the Facility and inability to do so distinguish his claim from that of the plaintiff in Rosof.

After due consideration, the Court finds that Plaintiff's assertion of his continuing desire to access the Facility and inability to do so because of physical barriers is sufficient at this juncture to meet the standing requirements. Indeed, "[a] finding that plaintiff has standing simply means that the plaintiff is entitled to 'walk through the courthouse door' and raise his grievance before a federal court; it is a threshold determination that is conceptually distinct from whether plaintiff is entitled to prevail on the merits." Wooden, 247 F.3d at 1280.[6] Thus, the Court will deny the Motion to Dismiss Plaintiff's claim in his capacity as an "individual," as well his capacity as a "tester."[7]

### B. Motion to Strike Request for Attorney's Fees

In addition, Defendants argue that the Court should strike Plaintiff's request for attorney's fees, citing Plaintiff's failure to provide Defendants with notification of the alleged ADA violations prior to filing this lawsuit. Motion to Dismiss at 5-6. "Section 12205 of Title III of the ADA authorizes a court, in its discretion, to allow the prevailing party . . . a

---

[6] Nevertheless, "the standing inquiry can be revisited at trial if it appears that facts necessary for standing are not supported by the evidence adduced at trial." See Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1536 n.5 (11th Cir. 1994).

[7] The Court notes that Mr. Lucibello and his attorney Mr. Nitz have filed numerous lawsuits in this Court, and the complaints in these lawsuits are nearly identical. See e.g. Lucibello v. Galena Realty, Inc., 2:05-cv-00283-JES-DNF; Lucibello v. Gulf Coast Energy, LLC, 2:05-cv-00274-VMC-DNF; Lucibello v. Kimi Haga, Inc., 2:05-cv-000269-JES-SPC; Lucibello v. Collins, 2:05-cv-000268-JES-SPC; Lucibello v. BA Hustlers, Inc., 2:05-cv-00267-VMC-SPC; Lucibello v. Cape Crab & Steak House, Inc., 2:05-00259-VMC-DNF; Lucibello v. Thirsty's, Inc., 2:05-cv-00026-JES-SPC; Lucibello v. Boomers Neighborhood Grill & Bar, Inc., 2:05-cv-00024-JES-SPC; Lucibello v. Coletti, 2:05-cv-00023-JES-SPC; Lucibello v. Pricket Partners, et al., 2:05-cv-00018-VMC-DNF; Lucibello v. Lowell et al., 2:05-cv-00011-JES-SPC; Lucibello v. Kellner, 2:04-cv-00599-JES-SPC; Lucibello v. Mayo, et al., 2:04-cv-00598-VMC-SPC; Lucibello v. O'Connor, 2:04-cv-00497-JES-SPC; Lucibello v. Salvagio, 2:04-cv-00490-VMC-SPC. Plaintiff and Plaintiff's counsel are cautioned that the Court's determination that Plaintiff has sufficiently alleged tester standing in the Amended Complaint is limited solely to the facts of this case, and will not serve as precedent in Plaintiff's future lawsuits.

reasonable attorney fee, including litigation expenses, and costs." Ass'n of Disabled Am. v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006) (quoting 42 U.S.C. §12205). The language of 42 U.S.C. §12188(a)(1), the provision of the ADA that provides a private right of action, contains no pre-suit notice requirement. See Neptune Designs, 469 F.3d at 1359-60 (citing 42 U.S.C. §12188(a)(1)).  Thus, a plaintiff in a private action under Title III of the ADA is not required to provide notice to the private entity as a prerequisite to filing suit. See Neptune Designs, 469 F.3d at 1360.  Indeed, "[a] person may file a suit seeking relief under the ADA without ever notifying the defendant of his intent to do so, and the district court may not dismiss the suit for lack of pre-suit notice."  Id.  Nevertheless,

> in awarding attorney's fees, a district court has discretion to consider, among other things, whether the litigation is frivolous or whether the plaintiff declined to settle after receiving a fair offer of judgment. . . . And, a district court may consider whether the plaintiff's failure to ask for or to accept voluntary compliance prior to suit indicates that the plaintiff has acted in bad faith, has been unduly litigious, or has caused unnecessary trouble and expense.

Id. (internal citation and footnote omitted).  Thus, the ADA does not require that a plaintiff give notice of intention to sue before filing suit as a prerequisite to the recovery of attorney's fees and costs, nor does the lack of pre-suit notice compel a reduction in the amount of attorney's fees awarded.  Id.  However, the Court may consider whether the factual record supports a conclusion that a plaintiff filed suit unnecessarily, and this determination may be a factor in determining any request for an award of attorney's fees by whichever party ultimately prevails.  Id.  Accordingly, the Court will deny Defendants' motion to strike Plaintiff's request for attorney's fees at this time.

### C. Motion for a More Definite Statement

Defendants' Motion to Dismiss contains an alternative request that the Court order Plaintiff to provide a more definite statement of his claims. See Motion to Dismiss at 1-3. A party may move for a more definite statement pursuant to Rule 12(e) where the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." See Rule 12(e); Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996); Eye Care Int'l, Inc. v. Underhill, 92 F. Supp.2d 1310, 1316 (M.D. Fla. 2000) (noting that a motion for a more definite statement is proper only where the complaint is "so ambiguous or vague that a party cannot be reasonably expected to respond"). In support of such a motion, the moving party is required to "point out the defects complained of and the details desired." Rule 12(e). The Court must then consider the motion for more definite statement in light of the liberal pleading standard set forth in Rule 8(a), which requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Rule 8(a); Liquid Advertising, Inc. v. G & G Development Antigua, 2007 WL 3231784, at *2 (M.D. Fla. Oct. 30, 2007). In light of the liberal pleading standard, and the availability of extensive discovery in federal court, motions for a more definite statement are generally disfavored in federal practice. Liquid Advertising, Inc., 2007 WL 3231784, at *2; Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993); Scarfato v. National Cash Register Corp., 830 F. Supp. 1441, 1443 (M.D. Fla. 1993).

In the Motion to Dismiss, Defendants argue that, in the event the Rule 12(b)(6) motion is denied, the Court should enter an Order directing Plaintiff to file a more definite statement. Motion to Dismiss at 1, 3. However, the Court's review of the Motion to Dismiss discloses

that Defendants have not asserted that the Amended Complaint is "so vague or ambiguous" that they cannot be expected to frame a responsive pleading, nor have they articulated the "defects complained of and the details desired," as required by Rule 12(e).  Instead, the sole factual allegation identified by Defendants as lacking is the date and time of Plaintiff's visit to the Facility.  See Motion to Dismiss at 3.  Defendants have not explained why this detail is necessary to their ability to frame a responsive pleading.  Moreover, this type of detail is precisely the type of information to be obtained in discovery.  A motion for more definite statement attacks the unintelligibility of a pleading, not merely its lack of detail.  Indeed, "a motion for more definite statement is not to be used as a substitute for discovery." Eye Care Int'l, 92 F. Supp. at 1316.  Accordingly, the Court determines that the Amended Complaint gives Defendants fair notice of the claims against them.  All additional issues raised by Defendants concerning the sufficiency of Plaintiff's allegations have been addressed in the Rule 12(b)(1) analysis above.  Therefore, the Court will deny the Motion to Dismiss in its entirety.

### IV. Conclusion

In light of the foregoing, it is hereby **ORDERED**:

Defendants, Michael E. McGinley and Sun View Business Center's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement and Motion to Strike Prayer for

Attorneys Fees with Incorporated Memorandum of Law (Doc. No. 14; Motion to Dismiss) is **DENIED**.

  **DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of February, 2008.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc5
Copies to:
Counsel of Record